**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| DIALECT, LLC,<br>        *Plaintiff*,<br><br>        v.<br>AMAZON.COM, INC., and<br>AMAZON WEB SERVICES, INC.,<br>        *Defendants*. | Civil Action No. 1:23-cv-581-TSE-LRV |

## REVISED JOINT PROPOSED DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 26(A), and this Court's November 8, 2023 Order (Dkt. 60), counsel for Plaintiff Dialect, LLC ("Plaintiff" or "Dialect") and counsel for Defendants Amazon.com, Inc. and Amazon Web Services, Inc. (collectively "Defendants" or "Amazon"), respectfully submit this Revised Joint Proposed Discovery Plan in light of the Rule 16 conference held on December 6, 2023.

**I.     DISCOVERY**

    **A.     Scope of Discovery**

At this time, the parties state that discovery may be needed on conception, reduction to practice, ownership, and prosecution history of the asserted patents;[1] prior art; validity, enforceability, and patent eligibility of the asserted patents; alleged infringement of the asserted patents; licensing of the asserted patents; design, development, operation (including source code), and sales of products alleged to practice the asserted patents; valuation and enforcement of the asserted patents; remedies, if any, as a result of the parties' claims; and whether this case is

---

[1] The asserted patents are U.S. Patent Nos. 7,693,720; 8,015,006; 8,140,327; 8,195,468; 9,263,039; and 9,495,957.  The Court dismissed with prejudice Plaintiff's claim of infringement with respect to U.S. Patent No. 9,031,845.  (Dkts. 58, 59.)

1

exceptional, and whether any party is entitled to attorneys' fees and costs.  The parties reserve the right to seek discovery relevant to the claims and defenses in the Complaint and any amendment thereto and to seek any discovery otherwise permitted under the Federal Rules.

**B.     Source Code**

Discovery in this case will include the production, review, and analysis of source code related to the accused products and instrumentalities, and the schedule proposed by the parties takes into account the need to ensure the timely, secure, and orderly production and review of such source code.  The parties address issues concerning source code production and review within the Stipulated Protective Order filed with the Court on December 4, 2023.

**C.     Status of Discovery**

The parties have exchanged initial sets of discovery requests.  The Court's November 8, 2023 Order (Dkt. 60) states that "the parties must disclose expert testimony and file the appropriate reports at least fifty (50) days before the close of discovery.  All other deadlines not specifically addressed by this Scheduling Order are governed by the Federal Rules of Civil Procedure; however, these deadlines are cut in half to accommodate this expedited schedule." (Dkt. 60 at 1 n.1.)  The parties have understood this to apply to specific pre-trial deadlines provided in the Federal Rules of Civil Procedure and does not apply to responses to fact discovery such as interrogatories, document requests, or requests for admission, and that the standard timing for objections (15 days) and responses (30 days) set forth in Local Civil Rule 26(C) applies to such fact discovery. The parties note that additional issues may arise throughout the course of this action and, therefore, reserve their right to raise such issues at the appropriate time.

**II.     PROPOSED SCHEDULE**

The parties agree on many aspects of the following proposed schedule, with outstanding disputes highlighted in the below table and discussed in Section IV, *infra*:

| Event | Dialect's Proposed Deadline | Amazon's Proposed Deadline |
|---|---|---|
| Submission of Proposed Protective Order | December 4, 2023 | |
| Rule 16 conference | December 6, 2023 | |
| Rule 26(a)(1) Initial Disclosures | December 6, 2023 | |
| Last Day to Amend Pleadings or Join Parties Without Leave of Court | December 6, 2023 | |
| Latest date for Defendants to produce source code from *VB Assets, LLC v. Amazon.com Services LLC*, Case No. 19-1410(MN) in the District of Delaware (the "*VB Assets* case")[2] | December 11, 2023 | |
| Plaintiff to answer Interrogatory No. 1 (including production of all file histories of the asserted patents and any document relied on in the infringement contentions)[3] | December 13, 2023 | |
| Substantial completion of source code production (including code outside of production from *VB Assets* case) | January 10, 2024 | |
| Defendant to answer Interrogatory No. 6 (including production of prior art relied on in the invalidity contentions) | January 10, 2024 | |
| Deadline for Plaintiff to amend its response to Defendants' Interrogatory No. 1 without leave of Court | Amendments responsive to new information produced by Amazon in discovery (e.g., new source code productions) must be made within 30 days of production | Amendments responsive to *VB Assets* source code production must be made within 30 days of production<br><br>Amendments responsive to future source code production must be made within 21 days of production |
| Deadline for Plaintiff to narrow the asserted claims to no more than 36 total asserted claims | January 15, 2024 | |

---

[2] The parties agree that any source code made available by Defendants prior to the entry of the Stipulated Protective Order (filed as Dkt. 71-1) will be subject to the agreed-upon terms of that Stipulated Protective Order, or as modified by the parties in writing.

[3] Plaintiff may not amend its infringement contentions to add new asserted claims absent Defendants' consent or leave of Court upon a showing of good cause.

| Event | Dialect's Proposed Deadline | Amazon's Proposed Deadline |
|---|---|---|
| Exchange Proposed Terms for Claim Construction | January 19, 2024 | |
| Substantial production deadline for non-source-code documents | January 24, 2024 | |
| Deadline for Defendant to amend its response to Plaintiff's Interrogatory No. 6 without leave of Court | January 29, 2024[4]  Amendments responsive to new information produced in discovery (e.g., new source code productions) must be made within 14 days of production, excluding federal holidays | |
| Deadline for Defendants to narrow to no more than 6 prior art invalidity grounds per claim (based on either 35 U.S.C. §§ 102 or 103)[5] | January 29, 2024 | |
| Exchange Proposed Claim Constructions and Extrinsic Evidence, including, for each claim term or phrase that any party contends is governed by 35 U.S.C. § 112 ¶ 6, an identification of the structure, material or acts corresponding to that term or phrase[6] | February 2, 2024 | |
| Fact Discovery Cutoff (depositions may extend beyond this date, by mutual agreement of the parties or leave of Court with good cause shown, up to the Final Discovery Completion Date, April 5, 2024) | February 9, 2024 | |
| Opening Expert Reports for the Party with Burden of Proof | February 15, 2024 | |
| Parties to file simultaneous Opening Claim Construction Briefs | February 15, 2024 | |

[4] To the extent Defendants believe that additional time is required to address amendments to Plaintiff's response to Defendants' Interrogatory No. 1, the parties will meet and confer in good faith in an attempt to resolve the issue.

[5] For the avoidance of doubt, this does not limit Defendants' ability to rely on prior art for any other purpose, including to show the state of the art, nor does it limit other invalidity defenses such as invalidity for lack of written description, lack of enablement, and failure to claim patent-eligible subject matter, as long as that prior art or those defenses were timely disclosed in response to Plaintiff's interrogatories or in expert discovery, as appropriate. Dialect does not waive any potential objections to such prior art or defenses (for example, but not limited to, objections based on failure to timely disclose or undue prejudice).

[6] The parties are not required to exchange any expert declarations at this time and only need to provide a general description of the subject matter of any expert testimony on which a party intends to rely.

| Event | Dialect's Proposed Deadline | Amazon's Proposed Deadline |
|---|---|---|
| Parties to file simultaneous Responsive Claim Construction Briefs | February 29, 2024 | |
| Claim Construction Hearing | March 7, 2024 | |
| Rebuttal Expert Reports | March 11, 2024 | |
| Reply Reports to Opponents' Rebuttal Expert Reports | March 21, 2024 | |
| Deadline for Plaintiff to narrow the asserted claims to no more than 24 total asserted claims | March 28, 2024 | |
| Close of Discovery (expert depositions may extend to April 12, 2024 by mutual agreement of the parties or leave of Court for good cause shown) | April 5, 2024 | |
| Deadline for Defendants to narrow to no more than 4 prior art invalidity grounds per claim (based on either 35 U.S.C. §§ 102 or 103) [7] | April 5, 2024 | |
| Opening Briefs on Motions for Summary Judgment | April 12, 2024 | |
| Responses to Motions for Summary Judgment | April 26, 2024 | |
| Reply Briefs on Motions for Summary Judgment | May 3, 2024 | |
| Hearing on Summary Judgment/Dispositive Motions | May 10, 2024 at 10:00am | |
| Supplemental Expert Reports based on claim construction [8] | Within 10 days after claim construction order | |
| Deadline to File *Daubert* Motions and Motions *in Limine* | May 30, 2024 | |

---

[7] For the avoidance of doubt, this does not limit Defendants' ability to rely on prior art for any other purpose, including to show the state of the art, nor does it limit other invalidity defenses such as invalidity for lack of written description, lack of enablement, and failure to claim patent-eligible subject matter, as long as that prior art or those defenses were timely disclosed in response to Plaintiff's interrogatories or in expert discovery, as appropriate. Dialect does not waive any potential objections to such prior art or defenses (for example, but not limited to, objections based on failure to timely disclose or undue prejudice).

[8] The parties agree to meet and confer regarding the need for, and timing of, expert depositions to address supplemental expert reports based on claim construction.

| Event | Dialect's Proposed Deadline | Amazon's Proposed Deadline |
|---|---|---|
| File Exhibit List, Witness List and Factual Stipulations | May 30, 2024 | |
| Parties to complete all settlement and/or mediation efforts | June 6, 2024 | |
| Last Day to File Objections to Exhibits | June 10, 2024 | |
| Final Pre-trial Conference | June 13, 2024 at 4:00pm | |

## III.    PROPOSED SCHEDULE

### A.    Protective Order

The parties submitted a Stipulated Protective Order on December 4, 2023. The parties agree that until this Court enters a Protective Order, all documents and written discovery responses produced pursuant to this Plan shall be treated by the receiving party (including their employees, agents and retained consultants and experts) as Outside Counsel Eyes Only. No party may withhold the production of documents or written discovery responses, other than trade secrets, source code, or documents containing source code or trade secrets, based solely on the fact that the Protective Order has not yet been entered.

### B.    Rule 26(a)(1) Initial Disclosures

The parties served Rule 26(a)(1) Initial Disclosures on December 6, 2023.

### C.    Amendment/Joinder

The parties agree that the deadline to amend the pleadings or join parties without leave of Court is December 6, 2023.

## IV.    REMAINING DISPUTES IN PROPOSED SCHEDULE

### A.  Plaintiff's Proposal

There is only one remaining dispute in the schedule: how quickly Dialect must revise its response to Interrogatory No. 1 (Amazon's interrogatory about infringement contentions) to

incorporate new information, including new source code. Dialect regrets burdening the Court with this dispute, but how Amazon's source code infringes the asserted patents is the core of this case; having enough time to review source code and incorporate it into thorough discovery responses is critical to the effective progression of the case.

Both parties agree that there must be a deadline for Amazon to produce source code, and then a responsive deadline for Dialect to update its interrogatory response with its infringement positions. Dialect proposes that the deadline to update its infringement positions for any new information (including new source code production) should be 30 days. Amazon proposes to give Dialect 30 days for the source code that was produced in the *VB Assets* case, but only 21 days for other source code[9]. Amazon also proposes to complete its source code production by January 10, 2024. In other words, Amazon's proposal gives it nine weeks to complete production of source code after the Court opened discovery—and more than four months after Dialect first served its requests for production on August 28, 2023. While Amazon demands months to put preexisting code on a review computer, it wants Dialect to read and analyze that code in only three weeks. That simply will not work.

---

[9] Amazon's proposal is silent on any deadline for Dialect to amend its infringement positions for new document productions other than source code. Dialect's proposal would allow it to amend its infringement positions within 30 days in response to any new discovery, whether source code or other document productions. That proposal is consistent with the language for when Amazon can amend its invalidity positions: amendments are allowed "responsive to new information produced in discovery." Dialect does not know the full scope of Amazon's document production, which is likely to be voluminous given the large number of accused products and the complexity of the technology. Dialect will need 30 days to fully review and incorporate such documents into its infringement positions. To the extent Amazon makes new document production within 30 days of the close of fact discovery, Dialect will endeavor to complete its amendment (to the extent necessary) by the close of fact discovery. Both parties' document productions are scheduled to start no later than December 25, so as long as Amazon does not delay the bulk of its document production, the 30-day window should not cause any scheduling issue.

*First*, Amazon argues that any source code productions after the *VB Assets* production will be relatively minor and thus easy to review, such that Dialect will only need 21 days rather than 30 days to review them. But Dialect is not in a position to assess that claim. Dialect agrees that the *VB Assets* source code will likely be helpful in this case to the extent they are currently relevant to the accused products and asserted patents, and relying on that code is a practical starting point to streamline this case and reduce the burden on Amazon of producing new code.  Nonetheless, there will be other source code required to supplement the *VB Assets* production and address the ways the patents and accused products in this case may differ from the VB Assets case.  For example, Amazon may have updated its source code in meaningful ways since it collected the *VB Assets* code.  Further, the asserted patents in the two cases are related, but they are of course not identical. And one patent in this case (the '327 patent) addresses substantially different technology for filtering and eliminating noise received by a microphone array; microphone arrays were not at issue in the *VB Assets* case, so that patent will likely require production of different source code. Dialect has no way of knowing the volume of extra code that will need to be produced beyond the *VB Assets* production.  It is Amazon's burden to find and produce the responsive code, and only Amazon currently knows the scope of that production.  Dialect cannot agree to review and take final positions on an unknown volume of supplemental source code in only 21 days.

*Second*, Amazon argues that 21 days is plenty of time for Dialect to review additional code and update its discovery responses accordingly.  This position ignores the practical reality of source code review.  Under the stipulated protected order, lawyers and experts must travel to California to review code at Amazon's outside counsel's office, on almost no notice and potentially over the holidays.  They must review code for dozens of products that incorporate Amazon's Alexa voice assistant.  Then Dialect must wait three days for Amazon to provide a PDF of the excerpts

of code that the reviewers designate as relevant, and resolve any objections Amazon raises (a process that itself spans weeks under the terms Amazon requested in the protective order). And then Dialect must incorporate that code into detailed charts for every asserted claim on every asserted patent. Dialect's 30-day proposal is already unusually aggressive; the National Law Journal described a 30-day timeline for amending infringement positions as unusually expedited and even "unfair in some circumstances" in light of "the sheer volume of code." See https://www.robinskaplan.com/-/media/pdfs/source-code-discovery-in-patent-infringement-cases.pdf. A 21-day timeline, by comparison, will not be workable.

*Third*, Amazon argues that Dialect's proposal does not leave enough time after Dialect's service of amended infringement positions before the close of fact discovery. It is true that, if Amazon does not produce its final tranche of source code until January 10 (the parties' agreed deadline for substantial completion of source code production), Dialect's responsive amended interrogatory response would not be due until the close of fact discovery. But this is a problem entirely of Amazon's own making and within its control to solve. In Dialect's proposal, Dialect's deadline to update infringement positions depends on when Amazon produces code. If Amazon produces code sooner, Dialect responds sooner. Amazon has known about Dialect's claims since May, had its requests for production of source code since August, and known about the expedited discovery schedule in this case since the Court's order on November 8. It should be ready to produce source code now, and if it does so promptly, it will have Dialect's updated infringement positions well before the close of fact discovery.

But if Amazon instead insists upon producing code later, that delay in turn delays Dialect's response, leaving less time before the close of fact discovery. The entire fact discovery period in this case is only three months long: from the Court's order opening discovery on November 8 until

9

fact discovery closes on February 9. Amazon's proposal demands more than two months to complete its production of source code by January 10. That is roughly two-thirds of the entire fact discovery period in this case, just for Amazon to find and produce responsive source code. Dialect is willing to allow Amazon that two-month period to produce its code, but if Amazon chooses to use all that time, there will be less time for Amazon to strategize later after Dialect has a reasonable time to update its infringement positions. Amazon can evaluate that tradeoff as it sees fit. But it cannot use up the majority of the discovery window to merely assemble the source code and then demand that Dialect compensate by updating its critical infringement positions on an impossible timeframe. Dialect's proposal instead aligns the parties' incentives, giving Amazon motivation to produce source code promptly. As long as Amazon does so, it will have plenty of time to incorporate Dialect's infringement positions into its own strategy.

### B.  Defendants' Proposal

During the December 6 hearing, the parties and the Court discussed an appropriate period for amendments to Dialect's infringement contentions based on technical information produced in discovery.  Dialect requested 30 days (*i.e.*, half of the discovery period that remains as of this date) and Amazon believed that 14 days was more appropriate given the compressed schedule.  The Court proposed a compromise during the hearing of 21 days, and Amazon requests that compromise here.

Dialect represented at the December 6 hearing that the source code from a prior case, *VB Assets*, likely encompasses 90-95% of the technical source code it will require in this case.  Based on those representations, Amazon has made numerous concessions to make available this source code on an expedited basis starting on December 11—before even receiving Dialect's infringement contentions—and to provide a full 30-day period for Dialect to amend its

infringement contentions based on this source code. For other source code, a compromise of 21 days provides sufficient time for Dialect to incorporate the information into its contentions, while reducing the risk of unfair prejudice to Amazon that would be caused by substantive amendments to Dialect's infringement theories late in the discovery period.

Dialect's remaining arguments are not correct. Dialect suggests that Amazon has "demand[ed] months to put preexisting code on a review computer." But after Dialect represented the importance of the *VB Assets* code during a hearing two days ago, Amazon made extensive efforts to make that code available just three business days later. Amazon will likewise endeavor to promptly produce additional code relating to functionalities identified in Dialect's December 13 infringement contentions. Nor is Dialect correct that its 30-day proposal is "unusually aggressive." Dialect's cited article refers to patent practice in the Eastern District of Texas, where it is standard practice to require plaintiffs to supplement their infringement contentions no later than 30 days after receiving source code—for cases where the fact discovery period extends for many months, not a matter of weeks as here. Amazon's compromise proposal should be adopted.

## V. DISCOVERY STIPULATIONS

### A. Discovery Limitations

The parties agree that the limitations on written discovery set forth in the Local Civil Rules and the Federal Rules of Civil Procedure are "per side" and shall apply in this case, except with respect to requests for admission, which will be limited to no more than 50 requests for admission per side. The parties agree to meet and confer before serving requests for admission regarding the authenticity or admissibility of documents.

Each party may depose up to ten witnesses, with a 7-hour limit per deposition. The parties reserve their rights to seek the Court's leave to take additional depositions, as information about relevant witnesses develops during discovery. The parties agree that, to the extent one party

provides only a single Rule 30(b)(6) witness in total, that party will make the person available for a deposition for two (2) days for up to seven (7) hours per day.

Each party may designate up to four testifying experts. Each expert can be deposed for up to seven (7) hours for each report submitted by such expert, and the taking party may opt for the deposition to occur remotely via videoconference.

The parties agree that, for depositions of fact witnesses, the taking party may opt for the deposition to occur remotely via videoconference. If the taking party does not opt for a remote deposition, the fact witness may nonetheless request that the deposition occur remotely if good cause is shown. Good cause may include, without limitation, schedule constraints making travel for witnesses or counsel to a physical location difficult, or specific health concerns and/or sensitivities.

If a party believes that additional written discovery, depositions, or deposition time are needed, the parties agree to meet and confer and may agree to amend the above limitations.

The parties agree that, notwithstanding Local Civil Rule 30(D)-(E), each party shall bear its own costs and fees for transporting its counsel of record to any deposition taken beyond a division of this Court.

### B. Document Production

The Parties agree that discovery limits shall be governed by the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Virginia except where otherwise agreed or ordered by the Court.

Documents will be produced on a rolling basis with initial productions responsive to any request for production beginning no later than 7 days from the current deadline for the response to such request.

Documents shall be produced in single-page TIFF format. Each document shall be accompanied by corresponding image load files, including corresponding searchable text files and indicators where the document begins and ends. The documents produced shall be stamped with sequential Bates numbering. The procedure for producing digitized version of documents in TIFF format shall not apply to spreadsheets in Microsoft Excel format or presentation documents in Microsoft PowerPoint format, or to documents whose native format prohibits or renders impractical their printing on standard-size paper (e.g., audio, video, spreadsheets, database materials, or oversized documents such as maps), or to voluminous document productions received from third parties, which may be produced in the format in which they were received to the extent not previously converted to TIFF format. Spreadsheets, presentations, and other documents that are impractical to print at standard size shall be produced in their native format at the option of the producing party or at the request of the receiving party. The image filename of files produced in native format shall correspond to their respective assigned Bates numbers. A party producing native files will produce corresponding TIFF placeholder bearing the appropriate Bates numbers.

Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data. This provision does not apply to the production of source code, which the parties will address in their proposed protective order to govern this case.

**C.    Service**

The parties agree to accept electronic service of documents for which service is required, and that service by email shall be treated the same as hand-delivered service with respect to calculating timeframes for deadlines triggered therefrom.

**D.    Third Party Productions**

The parties shall provide or make all materials obtained from third parties pursuant to

13

subpoenas issued under Fed. R. Civ. P. 45 available to the other parties within three (3) business days of receipt.

### E.      Privilege Issues

The parties agree that privileged documents and/or documents protected under the work product doctrine that fall into the following categories need not be included on a privilege log:  (1) documents and communications from any prior litigation; (2) documents and communications unrelated to the asserted patents or related patents or applications; or (3) documents and communications after the date of the filing of the Complaint in this case.  Nothing in this provision prevents a party from requesting a privilege log covering documents in the preceding categories relating to specific issues or discovery requests to the extent the party believes an improper claim of privilege has been made, and the parties agree to confer in good faith regarding such a request.

The parties agree to provide a privilege log within fourteen (14) calendar days after service of documents responsive to document requests, or as otherwise mutually agreed by the parties.  All privilege logs will be completed and served by March 15, 2024.

The parties agree that inadvertent disclosure of material subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such material is privileged, or protected by the work product immunity or any other applicable privilege.  Upon discovery of any such inadvertently produced or disclosed material, the producing party shall promptly provide written notice to the receiving party.  Such inadvertently produced or disclosed material, including all copies thereof, shall be either returned to the producing party or destroyed immediately upon request, and the receiving party shall immediately destroy any notes or other writings or recordings that summarize, reflect, or discuss the content of such privileged material.  Any receiving party destroying any information

14

contemplated by this paragraph shall provide express written confirmation to the producing party upon such destruction.

Unless otherwise obtained through legitimate means, no use shall be made of such inadvertently produced or disclosed material during deposition or at trial, nor shall such material be shown to anyone who has not already been given access to it subsequent to the request that it be returned.  The receiving party may move the Court for an Order compelling production of any inadvertently produced or disclosed material, but the motion shall not assert as a ground the fact of the inadvertent production or disclosure.  The party claiming privilege on documents that are the subject of a motion to compel may provide copies of the documents to the Court for in camera inspection concurrent with the filing of its response to the motion to compel.  The foregoing provisions regarding inadvertent disclosure are intended as a supplement to the protections provided in Fed. R. Evid. 502 and Fed. R. Civ. P. 26(b)(5)(B).

**F.    Communications and Drafts Exchanged with Experts**

The parties agree that no notes, drafts, or other type of preliminary written work by or for experts concerning the subject matter of this action shall be the subject of discovery or inquiry at trial.   No communication, whether written or oral, between or among any expert(s) and counsel for the party retaining said expert(s) concerning the subject matter of this action shall be the subject of discovery or inquiry at trial.    The foregoing shall not apply to any communications or documents upon which the expert relied in forming his or her opinion as expressed in an affidavit, report or testimony, or on which an expert intends to rely as a basis for an opinion expressed in an affidavit, report or testimony in connection with this action; such communications shall be subject to discovery and inquiry at trial.   Materials, communications, and other information exempt from discovery under this paragraph shall be treated as attorney work product.

15

## VI.    MODIFICATION

The parties agree that a party's agreement to the deadlines and limitations stated in this plan is without prejudice to its right to seek modification of the plan and pretrial schedule pursuant to Fed. R. Civ. P. 16 and 26.

Dated: December 8, 2023

Respectfully submitted,

**DIALECT, LLC**

*/s/ Tara Zurawski*

Walter D. Kelley, Jr. (VA Bar No. 21622)
Tara Zurawski (VA Bar No. 73602)
HAUSFELD LLP
888 16th Street N.W., Suite 300
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201
wkelley@hausfeld.com
tzurawski@hausfeld.com

Garland Stephens
garland@bluepeak.law
Robert Magee
robert@bluepeak.law
Anna Dwyer
anna@bluepeak.law
Richard Koehl
richard@bluepeak.law
Jeff Risher
jeff@bluepeak.law
Kate Falkenstien
kate@bluepeak.law
BLUE PEAK LAW GROUP LLP
Telephone: 281-972-3036

**AMAZON.COM, INC., and**
**AMAZON WEB SERVICES, INC.**

Dated:  December 8, 2023

Respectfully submitted,

*/s/ Mary C. Zinsner*

Robert A. Angle (VSB No. 37691)
    robert.angle@troutman.com
Laura Anne Kuykendall (VSB No. 82318)
    la.kuykendall@troutman.com
1001 Haxall Point
Richmond, Virginia 23219
Telephone:   (804) 697-1468
Facsimile:    (804) 697-1339

Mary C. Zinsner (VSB No. 31397)
    mary.zinsner@troutman.com
401 9th Street NW, Suite 1000
Washington, DC 20004
Telephone:   (202) 274-1932
Facsimile:    (202) 274-2994

*Of counsel:*

J. David Hadden, *pro hac vice*
    dhadden@fenwick.com
Saina S. Shamilov, *pro hac vice*
    sshamilov@fenwick.com
Ravi R. Ranganath, *pro hac vice*
    rranganath@fenwick.com
Vigen Salmastlian, *pro hac vice*
    vsalmastlian@fenwick.com
Donna T. Long, *pro hac vice*
    dlong@fenwick.com
Johnathan Lee Chai, *pro hac vice*
    jchai@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:   (650) 988-8500
Facsimile:    (650) 938-5200

Jonathan T. McMichael, *pro hac vice*
    jmcmichael@fenwick.com
FENWICK & WEST LLP

17

401 Union Street, 5th Floor
Seattle, WA 98101
Telephone:   (206) 389-4510
Facsimile:    (206) 389-4511

Daniel W. Ledesma, *pro hac vice*
    dledesma@fenwick.com
FENWICK & WEST LLP
902 Broadway, 18th Floor
New York, NY 10010-6035
Telephone:   (212) 430-2600
Facsimile:    (650) 938-5200

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically with the

Clerk of the Court using the ECF system.  Therefore, this document was served on all counsel

who are ECF participants who are deemed to have consented to electronic service.

/s/ Tara Zurawski

Tara Zurawski (VSB No. 73602)
HAUSFELD, LLP
888 16th Street, N.W. Suite 300
Washington, DC 2006
Tel: (202) 540-7200
Fax: (202) 540-7201
E-mail: tzurawski@hausfeld.com

*Counsel for Plaintiff*
*Dialect, LLC*