**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |
|---|---|
| DIALECT, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:23-cv-0581 (TSE/LRV)<br>)<br>)<br>)<br>)<br>) |

## RULE 16(B) SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b), Local Rule 16(B), and the Court's November 8, 2023 Scheduling Order (Dkt. No. 60), an initial pretrial conference was held in this matter on December 6, 2023, at which counsel for all parties appeared. Following the Rule 16(b) initial pretrial conference, and pursuant to the Court's direction, on December 8, 2023, the parties filed a Revised Joint Proposed Discovery Plan pursuant to Fed. R. Civ. P. 26(f) ("Joint Discovery Plan") (Dkt. No. 73). Upon review of the Joint Discovery Plan and consistent with the discussion during the pretrial conference, the Court makes the following rulings:

1. The Joint Discovery Plan filed by the parties is approved, ***as amended herein,*** and shall control discovery to the extent of its application unless further modified by the Court.

2. All discovery shall be concluded by **April 5, 2024**.

3. Pursuant to Section III.B of the Joint Discovery Plan, the parties exchanged Fed. R. Civ. P. 26(a)(1) disclosures on **December 6, 2023**.

4. Disclosures under Fed. R. Civ. P. 26(a)(1) and (2), notices of depositions, interrogatories, requests for documents and admissions, and answers thereto shall <u>not</u> be filed on the docket except on order of the Court, or for use in a motion or at trial.

1

5.      No "general objection" may be asserted in response to any discovery request except to preserve the attorney-client privilege and work product protection.

6.      The parties are reminded that, pursuant to Local Civil Rule 26(C), objections to discovery requests are due by 15 days after service.

7.      Section II of the Joint Discovery Plan includes a proposed schedule for various discovery deadlines in this matter.  The Court adopts the parties' propped schedule, as provided below:

| Event | Deadline |
|---|---|
| Submission of Proposed Protective Order | December 4, 2023 |
| Rule 16(b) conference | December 6, 2023 |
| Rule 26(a)(1) Initial Disclosures | December 6, 2023 |
| Last Day to Amend Pleadings or Join Parties Without Leave of Court | December 6, 2023 |
| Latest date for Defendants to produce source code from *VB Assets, LLC v. Amazon.com Services LLC*, Case No. 19-1410(MN) in the District of Delaware (the "*VB Assets* case") | December 11, 2023 |
| Plaintiff to answer Interrogatory No. 1 (including production of all file histories of the asserted patents and any document relied on in the infringement contentions) | December 13, 2023 |
| Substantial completion of source code production (including code outside of production from *VB Assets* case) | January 10, 2024 |
| Defendant to answer Interrogatory No. 6 (including production of prior art relied on in the invalidity contentions) | January 10, 2024 |

2

| Event | Deadline |
|---|---|
| Deadline for Plaintiff to amend its response to Defendants' Interrogatory No. 1 without leave of Court | Amendments responsive to *VB Assets* source code production must be made within 30 days of production<br><br>Amendments responsive to future source code production must be made within 25 days of production |
| Deadline for Plaintiff to narrow the asserted claims to no more than 36 total asserted claims | January 15, 2024 |
| Exchange Proposed Terms for Claim Construction | January 19, 2024 |
| Substantial production deadline for non-source-code documents | January 24, 2024 |
| Deadline for Defendant to amend its response to Plaintiff's Interrogatory No. 6 without leave of Court | January 29, 2024<br><br>Amendments responsive to new information produced in discovery (e.g., new source code productions) must be made within 14 days of production, excluding federal holidays |
| Deadline for Defendants to narrow to no more than 6 prior art invalidity grounds per claim (based on either 35 U.S.C. §§ 102 or 103) | January 29, 2024 |
| Exchange Proposed Claim Constructions and Extrinsic Evidence, including, for each claim term or phrase that any party contends is governed by 35 U.S.C. § 112 ¶ 6, an identification of the structure, material or acts corresponding to that term or phrase | February 2, 2024 |
| Fact Discovery Cutoff (depositions may extend beyond this date, by mutual agreement of the parties or leave of Court with good cause shown, up to the Final Discovery Completion Date, April 5, 2024) | February 9, 2024 |

3

| Event | Deadline |
|---|---|
| Opening Expert Reports for the Party with Burden of Proof | February 15, 2024 |
| Parties to file simultaneous Opening Claim Construction Briefs | February 15, 2024 |
| Parties to file simultaneous Responsive Claim Construction Briefs | February 29, 2024 |
| Claim Construction Hearing | March 7, 2024 |
| Rebuttal Expert Reports | March 11, 2024 |
| Reply Reports to Opponents' Rebuttal Expert Reports | March 21, 2024 |
| Deadline for Plaintiff to narrow the asserted claims to no more than 24 total asserted claims | March 28, 2024 |
| Close of Discovery (expert depositions may extend to April 12, 2024 by mutual agreement of the parties or leave of Court for good cause shown) | April 5, 2024 |
| Deadline for Defendants to narrow to no more than 4 prior art invalidity grounds per claim (based on either 35 U.S.C. §§ 102 or 103) | April 5, 2024 |
| Opening Briefs on Motions for Summary Judgment | April 12, 2024 |
| Responses to Motions for Summary Judgment | April 26, 2024 |
| Reply Briefs on Motions for Summary Judgment | May 3, 2024 |
| Hearing on Summary Judgment/Dispositive Motions | May 10, 2024 at 10:00am |
| Supplemental Expert Reports based on claim construction | Within 10 days after claim construction order |
| Deadline to File *Daubert* Motions and Motions *in Limine* | May 30, 2024 |
| File Exhibit List, Witness List and Factual Stipulations | May 30, 2024 |
| Parties to complete all settlement and/or mediation efforts | June 6, 2024 |
| Last Day to File Objections to Exhibits | June 10, 2024 |

| Final Pre-trial Conference | June 13, 2024 at 4:00pm |
|---|---|

8.      The parties are encouraged to discuss the possibility of a settlement or resolution of this case.  If the parties believe that a settlement conference with the Court would be of assistance in resolving this matter, they are encouraged to arrange a settlement conference by jointly contacting the undersigned magistrate judge's chambers.

9.      On December 4, 2023, the parties submitted a proposed protective order concerning the disclosure of information between the parties in discovery for the Court's consideration.  The Court will enter the proposed protective order concurrently with this Order.

10.     In Paragraph V.E of the Joint Discovery Plan, the parties have agreed to certain limitations and procedures regarding privileged material.  To the extent any party intends to assert a claim of privilege or protection as to trial preparation material, any such claim must be made in a timely manner and in accordance with Paragraph V.E and Fed. R. Civ. P. 26(b)(5).

11.     The parties are reminded of their obligation to preserve all discoverable information, including but not limited to Electronically Stored Information ("ESI").

12.     The following provisions shall apply to the filing and noticing of all motions:

(a)     All motions must contain a statement that a good-faith effort to narrow the area of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions.  All motions must adhere to the page limits and font requirements set in Local Civil Rule 7(F)(3).  An appropriate number of paper copies of any motion and all pleadings relating to that motion shall be delivered directly to the attention of the judge hearing the motion at the Clerk's Office within one day of the electronic filing.  *See* "Alexandria Chambers Copies/Division-Specific Information" on the Alexandria page of the Court's website located at www.vaed.uscourts.gov.

(b)   Except for consent motions, all motions shall be accompanied either by a waiver of hearing or a notice of hearing for the earliest possible hearing date consistent with the briefing schedules discussed below.  A consent motion should be filed in accordance with the procedures provided on the Alexandria page of the Court's website referenced above.  **All discovery-related motions must be filed in time to be heard by the close of discovery.**

(c)   Any motion to amend the pleadings or to join a party must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion.

(d)   Dispositive motions shall be filed and briefed in accordance with the schedule set forth in Local Civil Rule 7(F)(1) and (K).  Local Civil Rule 7(F)(1) provides that a response brief is due 14 days after service of the motion and a reply brief may be filed 6 days after the service of the response.  The periods for filing a response brief and a reply shall apply without regard to the mode of service used for those briefs.  Any dispositive motion against a *pro se* party must contain the notice set forth in Local Civil Rule 7(K) and provide the *pro se* party with at least 21 days to file a response opposing the motion.

(e)   In order to provide for the prompt resolution of non-dispositive matters to be heard by the assigned magistrate judge, a non-dispositive motion may be filed by no later than 5:00 p.m. on a Friday and noticed for a hearing at 10:00 a.m. on the following Friday.  **As discussed during the Rule 16(b) conference, briefs in support of (and responses to) motions filed pursuant to this expedited schedule are limited to 10 pages in length.**  Under this expedited schedule, a response brief must be filed no later than 5:00 p.m. on the following Wednesday and any reply brief should be filed as early as possible on Thursday to give the Court time to review all pleadings before the hearing.  This expedited schedule shall apply for non-dispositive motions noticed for a hearing with less than two weeks' notice.  If a non-dispositive motion is noticed for a hearing between two and three weeks from the filing date, any response brief must be filed 7 days after service and any reply

6

brief may be filed 3 days after service of the response. At the moving party's discretion, a non-dispositive motion may also be filed and noticed for a hearing with three weeks' notice and the briefing schedule provided in Local Civil Rule 7(F)(1) providing for 14 days for a response brief and 6 days for a reply would apply. If a non-dispositive motion is filed and oral argument is waived, any response brief must be filed within 7 days after service and any reply brief within 3 days after service of the response.

(f)     **As discussed during the initial pretrial conference, all hearings on pretrial motions before the undersigned will be held in person.**

(g)     All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained. As required by Local Civil Rule 56, each brief in support of a motion for summary judgment must include a separately captioned section within the brief listing, in numbered-paragraph form, each material fact that the movant contends is undisputed with appropriate citations to the record. A brief in opposition to a motion for summary judgment must include a separately captioned section within the brief addressing, in numbered-paragraph form corresponding to the movant's section, each of the movant's enumerated facts and indicating whether the non-movant admits or disputes the fact with appropriate citations to the record. The Court may assume that any fact identified by the movant as undisputed in the movant's brief that is not specifically controverted in the non-movant's brief in the manner set forth above is admitted for the purpose of deciding the motion for summary judgment.

(h)     Any motion to file a document under seal must comply with Local Civil Rule 5. Pursuant to Local Civil Rule 5, a notice specifically identifying the motion as a sealing motion must be filed on the public record. There is no need to file a notice of hearing or waiver of hearing for a motion to seal. A memorandum must be filed stating sufficient facts to support the action sought, and a proposed order must include specific findings. Where a party moves to file material under seal

because the opposing party has designated that material as confidential, the opposing party must file a response to the motion and a proposed order that meet the requirements of Local Civil Rule 5.  Only the particular material found to meet the required standard may be sealed, with the remainder filed in the public record.  An unsealed, redacted version of the filing in issue shall be filed with the motion to seal.  Filings under seal are disfavored and discouraged.  *See Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575–76 (4th Cir. 2004).

13.     In the event this case is tried before a jury, each party shall file their proposed jury instructions and *voir dire* seven (7) days prior to trial in accordance with Local Civil Rule 51.  Violation of this Rule will constitute a waiver of objections to any instructions given.  In the event the case is tried without a jury, counsel shall file written proposed findings of fact and conclusions of law prior to the beginning of trial.

**ENTERED** this 12th day of December, 2023.

_____
Lindsey Robinson Vaala
United States Magistrate Judge

Alexandria, Virginia

8